# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**DANIEL D. TAVARES,**

    **Plaintiff,**

    v.

**BARNSTABLE COUNTY COMMISSIONERS, et al.,**

    **Defendants.**

Civil Action No. 17-12497-DJC

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                            **March 5, 2018**

*Pro se* litigant Daniel D. Tavares ("Tavares") has filed a civil complaint, D. 1, in which he alleges that he was wrongfully convicted in the state district court of larceny by false pretenses. For the reasons set forth below, the court will grant the plaintiff's motion for leave to proceed *in forma pauperis* and direct the plaintiff to file an amended complaint. The court also denies without prejudice the plaintiff's motions for counsel and for certain discovery.

**I.**      **Background**

Tavares was convicted in the Barnstable Division of the state's District Court Department of possessing counterfeit currency, uttering a counterfeit note, and larceny by false pretenses of property not exceeding $250 in value. See Commonwealth v. Tavares, 87 Mass. App. Ct. 471, 471 (2015). The Appeals Court of Massachusetts upheld the conviction, see id., and the Massachusetts Supreme Judicial Court denied further appellate review, see 472 Mass. 1106 (2015). As Tavares points out, the Commonwealth's position, as set forth in the decision of the

Appeals Court, was that Tavares used a counterfeit $100 bill to obtain gasoline at a service station. See Compl. ¶ 7 at 2-3.

Tavares brings the present action against the Barnstable County Commissioners, the Commonwealth of Massachusetts, Barnstable County Sheriff James Cummings, and the Barnstable County Correctional Facility. Tavares claims that his conviction for larceny by false pretenses was wrongful because (1) he neither obtained title to the gasoline nor procured a contract for the same; and (2) using counterfeit money to make a purchase does not meet the definition of larceny by false pretenses. He represents that, while serving his sentence for the conviction, he wrote numerous letters to all of the defendants, informing them that he was illegally incarcerated and that they were all liable therefor. Tavares further claims that "[o]n January 6, 2017, . . . the defendants, in all there [sic] infinite wisdom, decided that since they knew the 1 year served by plaintiff [on the larceny by false pretenses] was illegal. They would give the 1 year served as JAIL CREDIT' to plaintiff" in a criminal prosecution against him in Barnstable Superior Court. Id. ¶ 8 at 5.

Tavares also filed motions for leave to proceed *in forma pauperis*, D. 5, for appointment of counsel, D. 2, leave to amend his complaint, D. 3, and for the production of discovery materials, D. 4, 8.

**II.  Discussion**

A.   Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Tavares's motion for leave to proceed *in forma pauperis*, the court concludes that he has adequately demonstrated his inability to pay the $400 filing fee. Accordingly, the motion will be GRANTED.

B.     Screening of the Complaint

Because Tavares is proceeding *in forma pauperis*, the complaint is subject to a preliminary screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In conducting this review, the court liberally construes the plaintiff's complaint because he is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, Tavares has failed to state a claim upon which relief may be granted. The thrust of the plaintiff's complaint is that his conviction for larceny by false pretenses was unlawful. However, to recover for an allegedly unlawful conviction, the underlying conviction must have been overturned or otherwise invalidated.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court considered whether a state prisoner who was serving a sentence for voluntary manslaughter could bring a claim under 42 U.S.C. § 1983 ("§ 1983")[1] in which the plaintiff alleged that state prosecutors and the police had violated his rights under the United States Constitution by engaging in an unlawful investigation leading to the plaintiff's arrest, knowingly destroying exculpatory evidence, and causing an unlawful voice identification procedure to be used at trial. See id. at 479. Drawing upon the common law tort principle that an action for malicious prosecution cannot be maintained unless the prior criminal proceeding was terminated in favor of the accused, the

---

[1] In his jurisdictional allegation, Tavares states that the court has jurisdiction under 28 U.S.C. § 1332 and § 1983. See Compl. ¶ 6. Because 28 U.S.C. § 1332 only confers jurisdiction on this court where the parties are citizens of different states, the court relies on its jurisdiction under 28 U.S.C. § 1331, which gives federal courts jurisdiction over claims arising out of federal law. The court assumes that Tavares is bringing this action under § 1983, which provides a right of action against a person acting under color of state law who has violated an individual's rights under federal law.

Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 484, 486-87.[2]

Here, the "favorable termination" rule of Heck appears to bar this action. Success on the merits of Tavares's claim would imply the invalidity of his conviction for larceny by false pretenses, and he has not pled facts from which the court can reasonably infer that his conviction for that crime has been invalidated. The plaintiff does claim that defendants "recognize[ed]" his conviction for larceny by false pretenses was illegal and consequently credited his time served on that conviction to another criminal case. However, this assertion is somewhat vague and may only reflect the plaintiff's speculation concerning the reason for the crediting of jail time. To overcome the "favorable termination" rule of Heck, Tavares must specifically identify how his conviction for larceny by false pretenses was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487.

C. Filing of an Amended Complaint

If Tavares wishes to prosecute this action, he must file an amended complaint in which he alleges facts that, if true, show that his claim is not barred by the "favorable termination" rule of Heck. As an amended complaint completely replaces the original complaint, see Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008), Tavares should repeat in the amended complaint

---

[2] Indeed, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck, 512 U.S. at 489-90.

4

any allegations in the original complaint that he wishes to be part of the operative complaint. The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

In drafting the amended complaint, the plaintiff must keep in mind requirements for stating a claim under § 1983. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.'" Velez-Rivera v. Agosto-Alicea, 437 F.3d 146, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). "In § 1983 cases, 'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate officer and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Id. (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)). Where the defendant is a municipal government, this means that the plaintiff must show that the "execution of a government's policy or custom . . . inflict[ed] the injury." Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978). Thus, to state a § 1983 claim, Tavares must allege specific facts from which the court may reasonably infer that a particular defendant was directly involved in the violation of the plaintiff's federal rights.

Further, two of the defendants listed in the original complaint are not subject to suit under § 1983. Tavares names the Commonwealth of Massachusetts as a defendant, but a state is not a "person" within the meaning of § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). The Barnstable County Correctional Facility is only a building and therefore is not a suable entity. See, e.g., Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam).

D. Other Pending Motions

1. Motion for Appointment of Counsel

The court will deny without prejudice the motion for appointment of counsel. Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See id.

As set forth above, Tavares has failed to state a claim upon which relief may be granted, and, if the conviction he challenges has not been invalidated, he will be unable to do so. Thus, at present, exceptional circumstances justifying the appointment of *pro bono* counsel are not present. Tavares may renew the motion if he states a viable claim in an amended complaint and the court allows summonses to issue and the defendants respond to the complaint.

2. Motion to Amend the Complaint

Because the court will require Tavares to file an amended complaint, the court finds that his motion to amend is moot.

3. Motions Concerning Discovery

The court will deny both motions concerning discovery materials. The motions are premature because summonses have not issued pending the court's preliminary review of the amended complaint. Moreover, discovery requests are generally not filed in court unless they are the subject of a discovery dispute. Finally, to the extent Tavares believes that he is now being prosecuted in retaliation for having filed this lawsuit, he should address the matter in

criminal proceeding at issue. The court will not take any action that would needlessly interfere with a pending state criminal prosecution. See In re Justices of Superior Court Dept. of Mass. Trial Court, 218 F.3d 11, 16 (1st Cir. 2000) (noting that "federal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings'" (quoting Younger v. Harris, 401 U.S. 37, 46 (1971))).

### III. Conclusion

For the foregoing reasons, the Court rules as follows:

A. The motion for leave to proceed *in forma pauperis*, D. 5, is GRANTED;

B. If Tavares wishes to pursue this action, he must, within 35 days of this Order, file an amended complaint. Failure to comply with this directive will result in dismissal of the action.

C. The motion for appointment of counsel, D. 2, is DENIED WITHOUT PREJUDICE.

D. The court DENIES AS MOOT the motion to amend, D. 3.

E. The motions for certain discovery, D. 4 and D. 8, are DENIED.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge